VÁZQUEZ, APPELLANT, *v.* REGISTRAR OF AGUADILLA, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Aguadilla Refusing to Record a Deed of Sale.

No. 466.—Decided July 16, 1920.

CONSOLIDATION OF PROPERTIES—SEPARATE PROPERTY—COMMUNITY PROPERTY.—Although the established rule is that two distinct entities can not consolidate adjoining properties, if the properties are sold to a single purchaser they may be consolidated in the same deed of sale and recorded by the vendee as a single property.

The facts are stated in the opinion.

*Mr. Victor P. Martínez* for the appellant.

The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

Víctor P. Martínez and his wife, María del Pilar Cabrero y Echandía, appear in a public deed as selling two pieces of property to Manuel de Jesús Vázquez and his wife. The registrar denied record to the deed because one of the pieces was acquired by Víctor P. Martínez while he was a widower and the other after his marriage to María del Pilar Cabrero and hence that there could be no consolidation of two pieces belonging to different entities, as decided by this court in

*Durán* v. *Registrar,* 20 P. R. R. 138; *Muñoz* v. *Registrar,*
25 P. R. R. 786.

Appellant De Jesús maintains among other things that
from his records the registrar had no official knowledge of
the separate character with which one of the two properties
was held and apparently the appellant also insists that there
was no such separate character. As these matters involve
questions of fact not duly before us we shall not discuss
them, as we think the note must be reversed on another
ground raised by the appellant.

In the *Muñoz* and *Durán Cases, supra,* the question was
solely whether two different entities might consolidate. The
appellant, however, points out that here the purchasers must
legally be considered as the persons or entities who are
asking for a consolidation. It is true, as he maintains, that
the contract of sale and the consolidation took place in legal
consideration before the deed. We may add that the deed
is but the evidence of the sale. Parties, according to sec-
tions 4 and 1345 of the Civil Code, may waive their rights
and make the kind of a contract they please. Víctor P.
Martínez and his wife jointly and severally divested them-
selves of all interest they had in either strip of land and
they are estopped by deed from setting up any title thereto.
The purchasers must be deemed to be making the consolida-
tion. Similar reasoning is to be found in our decision in
*Vila* v. *Registrar of San Juan,* 27 P. R. R. 848.

The note must be reversed and the record made.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey
and Hutchison concurred.